---

THE FREY.

(District Court, E. D. Pennsylvania. March 24, 1902.)

No. 9.

INJURY TO SERVANT—DEFECTIVE APPLIANCE—JOINT NEGLIGENCE—DIVISION OF DAMAGES.

While libelant was removing ashes from the stoke room of a steamship, the bucket, which was attached to a chain with two hooks, and, when filled, was hoisted through a ventilating shaft, fell, injuring him. The hooks were obviously inadequate to hold the bucket, and on several occasions it had slipped off and fallen while being lowered. Libelant had been warned of the danger of standing under the ventilator while the hoisting was going on. While the bucket was being lowered, he stood under the ventilator, when the bucket slipped off the hooks and fell on his head. *Held*, that the steamship was negligent in supplying inadequate hooks, and libelant was also negligent in standing under the ventilator at the time he was injured, and hence the damages must be divided.[1]

In Admiralty.

Joseph Hill Brinton, for libelant.
Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. This is an action brought to recover damages for personal injuries done to the libelant in November, 1900, while performing the duty of removing ashes from the stoke room of the steamship Frey. The facts are as follows: The ashes are removed from the stoke room through a ventilator that leads from the deck. The ventilator is constructed of sheet iron, and is about 2½ feet in diameter. Through this the bucket in which the ashes are hoisted is lowered by a winch, to which is attached a chain fall. At the end of this fall is an iron ring, from which run two short chains, each ending in a hook which passes through an ear upon the side of the bucket. Upon the day in question, the bucket had been emptied, and was being lowered to the stoke room to be refilled. The ship was at sea and rolling heavily, and during the passage of the bucket down the ventilator, the motion of the vessel caused the bottom of the bucket to strike upon the slightly projecting rivets that fasten

---

[1] Negligence of both master and servant, see note to Wm. Johnson & Co. v. Johansen, 30 C. C. A. 678.

the plates of the ventilator together, thus detaching it from the hooks and causing it to fall. The libelant avers that he was not standing under the ventilator, but several feet away, and that the bucket in its descent struck a bracket upon a bulkhead that was immediately below the ventilator, and rebounded from that point, thus striking him upon the head and doing the injuries complained of. I am unable to take this view of the evidence. As I read the testimony, it shows clearly that the bucket could not possibly have taken this course, and I am obliged, therefore, to come to the conclusion that the libelant was standing under the ventilator, and was thereby negligently exposing himself to a known danger. The bucket had fallen upon several former occasions, and he had been warned, even if his senses did not sufficiently tell him, that to stand under the ventilator, while the process of hoisting was going on, was to expose himself to serious risk. To my mind, his own negligence is plainly apparent, but I think that the negligence of the steamship is equally clear. It consists in the use of obviously inadequate hooks to hold the bucket fast in its ascent and descent. Similar hooks were shown to the court upon the hearing, and I have no difficulty in declaring that a careful regard for the safety of the men at the bottom of this air shaft would have employed some other device. Several kinds of safe hooks were known and used at the time this injury happened, but these were straight hooks without the proper curvature to prevent the bucket from becoming detached, and a mere inspection makes it evident that, if the bucket met even a slight obstruction in its descent, it would probably be disengaged. In fact, it had thus been overturned a number of times before the day in question, and these falls were notice to the ship that something was wrong and called for a remedy. After the libelant was injured, proper hooks were obtained, and no further difficulty has been experienced.

Both parties being at fault, the damages must be divided. A decree may be entered in favor of the libelant, and the cause will then be referred to a commissioner to take such further testimony concerning the damages to be awarded as the parties may offer.